MARY E. McCONNELL, APPELLEE, v. JOHN McCONNELL, APPELLANT.

FILED MAY 16, 1893.   No. 4897.

1. **Review**: CONFLICTING EVIDENCE.  When the evidence upon which a decree has been entered is conflicting, the finding of the district court will not be disturbed upon appeal if there is sufficient evidence upon which such decree may be fairly based.

2. **Divorce**: RESIDENCE.  In a proceeding for a divorce the statutes of Nebraska recognize the right of each party to reside in a

county different from that in which the other resides; whether
or not they so reside, is a question of fact to be determined upon
the evidence.

3. ———— : CONDONATION : EVIDENCE. A wife may condone the cruelty
of her husband, but the husband, to avail himself of such con-
donation, must establish the same by clear and satisfactory proofs.

APPEAL from the district court of Johnson county.
Heard below before APPELGET, J.

*Chamberlain Bros. & Rood,* for appellant.

*S. P. Davidson, contra.*

RYAN, C.

A petition for divorce was filed in the district court of
Johnson county March 14, 1891, wherein the plaintiff al-
leged that she was then, and for the immediately preceding
twenty years had been, a resident of said county; that she
was married to the defendant March 10, 1886, since which
time she had treated defendant and acted toward him as a
chaste and dutiful wife, until by the wrongs of said defend-
ant she was compelled to leave him.   The petition further
averred that for the three years just preceding the averments
thereof the defendant, without provocation, had been guilty
of extreme and repeated acts of cruelty toward plaintiff, by
assaulting, shaking, and striking her, and seizing her by
the throat, throwing her, calling her a damned liar; and
that by reason of the cruel treatment of the defendant
plaintiff was, at the time of filing said petition, in mortal
dread and fear of the defendant, and had thereby been com-
pelled to leave him.   The petition further stated that there
was born to plaintiff and defendant as the fruit of their
marriage a son, who was, at the time this suit was insti-
tuted, of the age of seventeen months, and that the defend-
ant was the owner of certain real and personal property.
There was a prayer for a divorce, the custody of the child,
and alimony.

An answer was filed in due time, in which the defendant admitted the marriage with plaintiff, and the birth of a son at the time stated by the plaintiff. Each other averment of the petition was denied. The defendant by his answer alleged that during all the time mentioned in the petition the plaintiff had resided and cohabited with the defendant, and that any and all acts of alleged cruelty set forth in the petition had been freely condoned by the plaintiff, and that defendant, at all times since, had treated plaintiff with kindness, and had been a faithful and indulgent husband to her. The defendant in his answer prayed that the plaintiff's petition be dismissed, and for the care and custody of the child above referred to, and for general equitable relief. By an amendment to his answer the defendant alleged that the district court of Johnson county had no jurisdiction of the case or the parties thereto, or either of them, for the reason that at the time the action was commenced neither plaintiff nor defendant resided in said county of Johnson. There was filed a reply in denial of each averment of the answer.

On the 24th day of April, 1891, a trial of the issues was had and a decree of divorce entered as prayed in plaintiff's petition, with alimony, and the custody of the child of the parties.

In so far as such questions of fact were in issue there was evidence from which the district court could properly have found that the charges of cruelty were proved. The evidence on plaintiff's behalf was detailed by witnesses orally examined in the presence of the court, and we are, therefore, without the means of considering the appearance of the witnesses, which may have greatly influenced the presiding judge in his consideration of their testimony. Under such circumstances, if the evidence is nearly in equipoise, the decree will not upon appeal be disturbed, because against the weight of the evidence as it might be estimated in the appellate court. For our purpose, therefore, it must

be assumed that the charges of cruelty made in plaintiff's petition were sufficiently proved to sustain these allegations of the defendant's misconduct toward the plaintiff. Upon the record, there then remains only two questions—one jurisdictional in its nature, that is, whether or not at and previous to the filing of plaintiff's petition she was a resident of Johnson county; the other, whether or not defendant's cruel treatment of plaintiff has, since its occurrence, been condoned by her.

1. The evidence shows that the parties to this action resided together in Johnson county from the date of their marriage, in 1886, until January, 1891, when they removed to Lincoln county in this state. There they cohabited together as husband and wife until March 11, 1891. The appellee urges that Mrs. McConnell agreed to accompany her husband in his removal from Johnson county to Lincoln county upon, and influenced by, his assurances that he would treat her kindly and desist from all cruelty and unkindness towards her. It does not seem that these express assurances of future proper conduct ought to cut a great figure in determining whether or not plaintiff was justified in going with her husband to Lincoln county. The marriage relation itself implied just such line of conduct as it is claimed the defendant promised to follow toward his wife. She had a right to expect him to desist from cruelty toward her and to assume that he would treat her with uniform kindness. It was no more than what he had solemnly promised when she became his wife, and a renewed promise thereafter made the obligation no more binding. But his cruel treatment still continued after the removal to Lincoln county, until by a *habeas corpus* proceeding, instituted by her own father, Mrs. McConnell and her son were brought back to Johnson county on March 11, 1891, where plaintiff has, as she alleges, ever since resided. It is impossible to avoid a very strong suspicion that this *habeas corpus* proceeding was a mere ruse to en-

able plaintiff to return to Johnson county, notwithstanding an appeal has been taken from the judgment of dismissal in the county court.    There could be little doubt, however, upon the testimony that since March 11, 1891, plaintiff has resided in Johnson county.    The residence of the wife is, for some purpose it is true, presumed to be that of her husband.    In section 6, chapter 25, of the Compiled Statutes it is provided that a divorce "may be decreed by the district court of the county where the parties, or one of them, resides," thus expressly recognizing the possibility in divorce cases of either party residing in a county different from that in which the other resides.    This language overcomes the mere presumption that the wife's residence must be that of her husband.    It was therefore possible for Mrs. McConnell to have become a resident of Johnson county, even though her husband at the time resided in Lincoln county.    Whether she did become such resident was a question of fact for determination by the district court.    Its finding was in her favor, and as there was evidence to sustain it, we are bound to assume that at the time this action was brought Mrs. McConnell was residing in Johnson county, as alleged, and that therefore the district court had jurisdiction to render the decree prayed and granted.

2. The defendant, however, insists that by reason of the cohabitation of plaintiff and defendant in Lincoln county, superinduced by the promises of the defendant of a complete cessation of cruelties, and the substitution therefor of uniformly kind treatment toward his wife, there was a complete condonation of past cruel and unkind treatment. As has already been observed, this promise was simply to do what, from the marriage relation, is implied as the duty of the husband to his wife.    The argument of appellant seems to be founded upon the assumption that the consideration to uphold the promise of the husband as a contract must have been a promise on the part of the wife,

McConnell v. McConnell.

in this case, to accompany him to Lincoln county and there live with him as his wife. If we are right in assuming that the duty of the husband was to observe the very commendable course of conduct which he promised to follow towards his wife, an agreement merely to perform that duty would not, in law, constitute a sufficient consideration to sustain a contract solely dependent thereon. It would too much resemble the promise of the maker of an overdue note to pay the amount thereof as constituting a sufficient consideration for an additional extension of the time of payment. In the case under consideration, however, there was proved no express promise of condonation of former cruelty. Whatever condonation there may have been must be implied solely from the cohabitation of Mrs. McConnell with her husband. It is true that under some decisions condonation of cruel treatment may be inferred from the conduct of the wife, but this inference is controlled or modified by the situation of the parties and the circumstances of each particular case. It is held in all cases, however, that the evidence to establish a condonation must be clear and convincing. In the case at bar the evidence shows that the wife was in ill health and under medical treatment; that she was not at all strong, physically, and that owing to nervous prostration it was with great difficulty that she attended to her household duties. It was under such circumstances that she was abused in coarse language, roughly shaken, and even choked and struck by her husband. The welfare of her son, a mere infant, may have strongly impressed the necessity of forbearance on this mother's part, and of one in her nervous, feeble condition it is too much to require the vigorous energy which the abandonment of her husband necessarily would imply. The rule which would in all cases infer the forgiveness of physical violence from the mere fact that the wife chose rather to bear the ills she had than fly to those she knew not of, too much resembles that obsolete relic of barbarism

which recognizes the right of the husband, by corporal punishment, gently to correct his wife.    We find the existence of no such facts as would justify a finding or inference of the appellee's condonation of the appellant's misconduct.    The judgment of the district court is

AFFIRMED.

THE other commissioners concur.