THOMAS R. P. STOCKER, APPELLANT, V. GUSSIE E. STOCKER, APPELLEE.

FILED MAY 26, 1924. No. 22757.

1. **Divorce**: DECREE. The form of decree in a divorce action, set out in the opinion, *held* to be one for separate maintenance, and not to grant a divorce from bed and board.
2. ———: ———. A husband sued his wife for a divorce. She filed a cross-petition, asking for a separate maintenance, which was awarded to her by the court. The evidence was insufficient

to warrant granting a divorce to plaintiff, but was sufficient to sustain a decree for absolute divorce in favor of the wife. *Held,* that the husband had no right to insist that the decree to his wife should be for an absolute divorce instead of one for separate maintenance.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*C. C. Flansburg* and *T. R. P. Stocker,* for appellant.

*Kelligar & Ferneau* and *McCarty & Hager, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY and GOOD, JJ., BLACKLEDGE and REDICK, District Judges.

GOOD, J.

Plaintiff brought this action against his wife to obtain, on ground of extreme cruelty, a divorce and the custody of the minor child of the parties. Defendant filed an answer and cross-petition, in which she charged plaintiff with extreme cruelty, and asked for a decree of separate maintenance, and also for the custody of the minor child. The trial resulted in a decree denying plaintiff any relief, and awarding defendant the custody of· the child, requiring plaintiff to pay the sum of $250 to meet the immediate needs and necessities of the defendant and the minor child, and requiring the plaintiff to pay to the defendant the further sum of $50 a month for the support and maintenance of defendant and the minor child. Plaintiff has appealed.

The parties to this action were married at Auburn, Nebraska, in June, 1916, and immediately took up their residence with plaintiff's parents in the city of Lincoln, where they continued to reside until July, 1921, when defendant, with the minor child, then nearly four years of age, returned to the home of her parents at Auburn. Both of the parties to this action were young people of more than average intelligence, and each came from families that were well-to-do financially. Plaintiff was a young lawyer and had but small income when they were married. It was largely because his income was small and he was without

property that they arranged to live with his parents. Within a short time friction developed between defendant and plaintiff's parents. At first plaintiff gave aid and comfort to his wife and seemed to stand by her in their difficulties, but later he espoused the cause of his parents.

The record shows that the young wife was allowed but little, if anything, to say in the management of the household affairs. She was either denied the privilege of having her relatives and friends visit her, or made so uncomfortable when they did come that they ceased to visit her. Plaintiff's parents were aged, and the mother particularly seemed to be of a violent temper and frequently lost her poise and called the defendant vile and indecent names, accused her of theft, and on more than one occasion assaulted her, and life was made so unbearable that defendant was practically driven from the home. She often requested the plaintiff to secure a separate home where she would not be subjected to these indignities. This he failed to do, upon financial grounds as well as upon the ground that his parents were aged and needed his care and attention.

Without reviewing the evidence in detail, suffice it to say that we have read the entire record, and we have reached the same conclusion as did the trial court, that the wife was fully justified in departing from the home that her husband had provided for her and in returning to her parents. The evidence fails to show that she was guilty of any extreme cruelty toward the plaintiff or guilty of any conduct that would justify him in seeking a divorce. Plaintiff in his brief does not seriously contest this part of the decree, but insists that the decree, in effect, grants a divorce from bed and board; that it is impossible for the parties to again live together as husband and wife; that it is contrary to public policy that a limited divorce should be granted to these people, who are comparatively young in years, and that this court should modify the decree by awarding to the defendant an absolute divorce.

We think this contention is based upon an unsound prem-

ise. The decree is not for a divorce from bed and board, but simply awards defendant a separate maintenance of $50 a month, plus $250 for the immediate needs and necessities of the defendant and the minor child. It is true that in the findings made by the court there appears the following:

"The court finds that said plaintiff has shown no cause for divorce from defendant and that said divorce should not be granted. As a conclusion of law the court finds that said defendant was justified in leaving the said home of plaintiff and in remaining away therefrom and is justified in continuing to remain away from said home and to refuse to live in the home where plaintiff's parents live and reside and is justified in refusing to return to said plaintiff and refusing to resume marital relations with him until said plaintiff establishes and furnishes a home for said defendant separate and apart from that of plaintiff's parents, and that it is the duty of said plaintiff to establish and furnish and maintain a home for plaintiff, defendant, and said minor child separate and apart from the home, residence, and place of abode of plaintiff's father and mother, each and both of them."

Then follows the judgment in the following form: "Wherefore it is considered and decreed that said plaintiff be and he hereby is denied a divorce, and plaintiff's petition dismissed; that the custody of said minor child * * * be and hereby is awarded to said defendant; * * * that said plaintiff, within ten days from the entry of this decree, pay to said defendant the sum of two-hundred and fifty dollars to meet the immediate wants and necessities of said defendant and said minor child, and that said plaintiff pay to said defendant on the first day of February, 1922, the sum of fifty dollars, and thereafter on the first of each and every month pay to said defendant the said sum of fifty dollars, all for the support and maintenance of said defendant and said minor child, and that said plaintiff pay the costs of this action."

Nowhere in the decree is there anything which prohib-

Stocker v. Stocker.

its the plaintiff and defendant from living together as husband and wife, nor denying the plaintiff the rights of a husband  The decree is one for separate maintenance only, and recognizes the situation that defendant should not be required to live in a home with plaintiff's parents.  While there is ample evidence in the record that would justify the defendant in asking for and obtaining a decree of divorce, plaintiff has not the right to insist that, because of his wrongful conduct, the defendant should be required to submit to the severance of the marital relation.  He cannot predicate any right to a divorce upon his own misconduct; nor will this court impose upon the defendant the necessity of submitting to the severance of the marital relation when she does not ask for such relief.

The plaintiff complains that the amount awarded to the defendant is excessive and that he is not able to comply with the award.  The evidence discloses that he possesses property of his own of the value of about $2,000, and, while his income from his practice is not large, yet during the time that he maintains and persists in maintaining his home with his parents he is not required to pay anything for board or lodging, and is required only to furnish his own clothing, incidental expenses, and look after his office expense.  We feel that the allowance is not at all exorbitant or unjust, but in any event, if it should develop in the future that plaintiff is financially unable to comply with the order made, the matter is subject to revision upon application to the district court.

We are of the opinion that the judgment of the district court is righteous and just and that no reason appears for interfering therewith.  It follows that it should be, and is

AFFIRMED.

Note—See Divorce, 19 C. J., sc. 400.