ELIZABETH MANN, APPELLANT, V. JOHN A. MANN, APPELLEE.

FILED APRIL 7, 1933. No. 28501.

*Anson H. Bigelow,* for appellant.

*Wayne E. Sawtell, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and PAINE, JJ.

PER CURIAM.

Plaintiff appeals from a decree, rendered May 2, 1932, granting defendant an absolute decree of divorce, ordering him to pay her $35 a month for 48 months as permanent alimony and granting her the home and household goods, requiring him to pay her attorney's fee and taxing to him the costs, and in effect giving her allowance for costs of transcript, bill of exceptions, briefs and attorney's fee, in case of appeal.

A suit was brought in the district court May 23, 1925, in the same docket number there, by plaintiff against defendant for support and maintenance for herself and four minor children (the only two other children then being of age) and for such other and further relief as might be found equitable. On December 22, 1925, the court entered in that suit a decree ordering defendant to pay plaintiff $80 monthly until the further order of the court. On November 16, 1928, the district court modified the decree on account of changed circumstances of the parties,

making the payments $60 each month. The court there found that plaintiff and a minor son were earning certain stated sums, that another son was now of age, that there was one dependent in school, and that plaintiff's expenses were not so great as when the decree was entered.

The present phase of the suit was begun on June 18, 1930, by the filing of a petition by defendant for a modification of the decree. He alleged that at the time the original decree was entered he was earning approximately $200 a month and now approximately $135 a month; that at the time the original decree was entered there was a mortgage of approximately $900 on the home and there were five minor children, whereas the mortgage has nearly been paid out of funds furnished by defendant under the decree and the children have all become of age except one who was then 18; that since the beginning of the action plaintiff has been extremely cruel toward defendant in that she has failed and refused to live with him and that the parties have been separated for a period of five years.

The plaintiff joined issues by an answer in which she included a cross-petition. In the latter she pleaded that the home was held on a contract of purchase in the names of both husband and wife and was now within a few dollars of being paid for, all out of her own funds. Defendant, on November 14, 1931, by leave of court, filed a supplemental petition in which he states that he dismissed his petition for a modification of decree; then he sets up in more detail his cause of action for divorce on grounds of cruelty. After a portion thereof was stricken on plaintiff's motion, plaintiff traversed this petition also in greater detail than in her original answer and cross-petition.

The district court in its decree found and specified certain acts of plaintiff toward defendant which were found by the court to "constitute extreme cruelty such as to utterly destroy the legitimate objects of matrimony." It

would serve no good purpose to set out these specifications and the evidence upon which they were based. None of them reflect in. the slightest degree upon the morals or upon the very creditable management of plaintiff in keeping her children until maturity and in preserving and paying for the home in the hard domestic circumstances in which she found herself.

The elaborate brief of plaintiff contains many points and propositions. We do not find it desirable or necessary to take these up and discuss them, one by one. Plaintiff argues that the decree of 1925 barred defendant from seeking a divorce for cruelty after that term of court. This cause in equity was tried to the court and not to the jury. While the court allowed testimony to be introduced on behalf of both sides relating to events occurring prior to the original decree, yet neither the district court considered it nor does this court consider it on this trial *de novo*. It is well recognized that such testimony is to be laid out of view in making a decision. The decree is expressly based upon events after December 22, 1925. That is the date of the original decree.

Plaintiff argues that the testimony of defendant was uncorroborated. It was sufficiently corroborated by the testimony of others, and by proper inference therefrom, to form a basis for the decree in the district court. While we try the case anew, we may consider that the trial judge saw and heard the witnesses. Though the facts present a rather unusual situation, yet we are disposed to adopt the view of the district court that the ground for divorce was present and proved.

Other alleged errors are assigned, but we do not find they were prejudicial. The judgment of the district court is affirmed. In consideration of the circumstances of the parties and in view of the language of the decree in contemplation of an appeal, it is deemed equitable to direct that the costs of the appeal, including an attorney's fee of $50, in favor of appellant, be taxed against appellee.

AFFIRMED.