IDA MAE YOST, APPELLEE, v. ARTHUR H. YOST, APPELLANT.

8 N. W. (2d) 686

FILED MARCH 26, 1943. No. 31547.

. C. Russell Mattson and Perry, Van Pelt & Marti, for appellant.

Field, Ricketts & Ricketts, contra.

Heard before PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

PAINE, J.

A limited divorce from bed and board granted plaintiff, with support and alimony. Defendant appeals.

In the amended petition filed in this action, the plaintiff alleged that the parties were married September 9, 1916,

at Harvard, Nebraska, and since 1917 have resided in Lincoln, Nebraska; that the children born to said marriage are Arthur H. Yost, Jr., born October 24, 1917, and Gloria Yost, born April 1, 1927. The defendant is charged with extreme cruelty, and also that he is addicted to the excessive use of intoxicating liquor, which cruelty has destroyed plaintiff's happiness, injured her health, and made it impossible for the parties to live together as husband and wife, and plaintiff prays that she may be divorced from the bed and board of the defendant, and that she be awarded custody of the minor daughter, Gloria, and the use of the family home and personal property therein contained, located at 2900 Stratford avenue in Lincoln, together with the use of one automobile, with permanent alimony, attorney's fees, and child support, as may be just and equitable.

In his amended answer and cross-petition, defendant admits the marriage and the birth of the children, and denies the other allegations in said amended petition contained, and by way of cross-petition charges that the plaintiff has been guilty of extreme cruelty towards the defendant, which has destroyed the objects of matrimony and made further marital relations between the parties impossible, and the defendant in his cross-petition prayed for an absolute divorce.

In regard to the matter of alimony, the amended petition set out that the defendant was the president of the J. H. Yost Lumber Company, and has an interest in his father's estate, and alleges that his income is in excess of $1,000 a month. Plaintiff further alleges that it would require $450 a month for the support and maintenance of herself and daughter.

At the trial of the case the plaintiff called many witnesses to prove acts of cruelty not alleged in the amended petition, and ample evidence of much drinking of intoxicants on the part of defendant.

In the findings and decree the district court set out at length evidence relating to these matters, and found that the allegations of the plaintiff's amended petition were sup-

ported by the evidence, and awarded to the plaintiff a limited divorce from bed and board, with separate maintenance and the custody and control of the minor daughter, Gloria.

The court found that the fair and reasonable value of the defendant's estate could be conservatively placed at the sum of $250,000, and awarded to the plaintiff the sum of $300 a month for her maintenance, and further sum of $25 a month for the care and support of the minor daughter, and that said sum of $325 should be paid to the clerk of the district court for Lancaster county on the first day of each and every month, beginning June 1, 1942, and continuing until further order of the court.

It was further ordered that, in addition thereto, the defendant should pay all of the expenses of educating the minor daughter, including tuition, school supplies, transportation, board and room, with the expense incurred in membership in sororities or other school organizations, and in addition should pay the reasonable expense of vacations of said minor daughter.

The decree further provided that the plaintiff should have the exclusive use and possession of the family home, with all furnishings and equipment contained therein, located at 2900 Stratford avenue in Lincoln, and that the defendant should pay all upkeep thereof, such as repairs, heating expenses, and taxes thereon, and that the plaintiff should have the use of one of the family automobiles, to wit, a Buick sedan, but that the plaintiff should individually be required to pay for the repairs, expenses and operation thereof. The decree taxes the costs to the defendant, including an attorneys' fee of $2,000 to the plaintiff's attorneys.

The defendant for a reversal relies upon the following assignments of errors: (1) In granting a divorce from bed and board and in not granting an absolute divorce; (2) in the court's finding as to the total value of defendant's estate; (3) in fixing the amount of the separate maintenance of the plaintiff; (4) in not placing a limit upon the

sum expended by plaintiff for the education of the minor daughter and for vacation expenses for the minor daughter, all of which under the decree, without limitation as to amount, is charged to and ordered paid by the defendant; (5) in granting the exclusive use of the family home at 2900 Stratford avenue to plaintiff; (6) in assessing attorneys' fees in the sum of $2,000 in favor of plaintiff.

We will first consider the alleged error of the trial court in granting a limited divorce instead of an absolute divorce. A divorce from bed and board may be decreed for the cause of extreme cruelty, as provided in section 42-302, Comp. St. 1929. It is argued by the defendant that the court erred in this respect because, while great discretion is lodged in the trial court in determining whether to grant an absolute decree of divorce or a divorce from bed and board, yet it is argued that the policy of the law is that absolute divorces are to be preferred.

We realize that in *Phillips v. Phillips*, 135 Neb. 313, 281 N. W. 22, the court denied the wife a decree of separate maintenance and dismissed her petition and granted the husband an absolute decree of divorce, but in this case the husband had a ground for divorce, because the wife drank to excess at home and elsewhere, causing him great humiliation.

In the case of *Sutherland v. Sutherland*, 132 Neb. 558, 272 N. W. 549, the wife first received a decree for separate maintenance, but in a second trial the husband was granted an absolute divorce. It was held that the first decree of the wife did not preclude the husband from seeking a divorce at a subsequent term.

In *McKnight v. McKnight*, 5 Neb. (Unof.) 260, 98 N. W. 62, there is a thorough discussion of this matter, and the trial court had granted only a divorce from bed and board, and had denied the wife an absolute divorce, for which she had prayed, but on appeal it was modified in this court for excellent reasons, and an absolute divorce was granted to her.

The ecclesiastical courts possessed only authority to de-

cree a divorce *a mensa et thoro* for adultery or cruelty, and in an early day in England only parliament could grant an absolute divorce.

In those states giving the court authority to grant either form of divorce, it appears to be the rule that, to grant an absolute divorce, the party seeking same must be innocent of any misconduct, while in other cases only a divorce from bed and board is granted. *Conant v. Conant,* 10 Cal. 249, 70 Am. Dec. 717.

This divorce from bed and board is in the nature of a limited or conditional decree, leaving the status of the parties unchanged in many respects, but relieving both parties from all obligations and rights as to cohabitation, while the support and maintenance in effect thereafter are fixed in the decree.

A wife under a divorce from bed and board is free to have a separate domicile from her husband, as her domicile does not follow his when he moves. See *Tiernan v. Tiernan,* 112 Neb. 707, 201 N. W. 145; *Atkeson v. Sovereign Camp, W. O. W.,* 90 Okla. 154, 216 Pac. 467, 32 A. L. R, 1108; *Estate of Kehl,* 215 Wis. 353, 254 N. W. 639; *Dixon v. Dixon,* 107 Misc. 666, 177 N. Y. Supp. 63; 27 C. J. S. 785, sec. 160; 95 A. L. R. 234, Ann.; 17 Am. Jur. 164, sec. 26; *McClintock v. McClintock,* 147 Ky. 409, 144 S. W. 68, 39 L. R. A. n. s. 1127.

It is ordinarily true that one who is entitled to a divorce on the ground of cruelty prays for an absolute divorce, but the Nebraska statute above cited is clear that the injured party may ask for a limited divorce from bed and board only, and if adequate proof is made by the evidence to grant such relief it is not the province of the court to dictate what relief shall be granted. In the case at bar the plaintiff desires simply a divorce from bed and board, which the trial court granted. In some cases it has appeared that an absolute divorce was not asked for on religious grounds, but that does not enter into the facts in the case at bar. If in this instant case, as in some others, each party had proved grounds for divorce, the trial court might choose which

prayer to grant, but in the case at bar, while the defendant asked for an absolute divorce, he failed to offer evidence which justifies the granting of a divorce to him.

In the case of *Stocker v. Stocker*, 112 Neb. 201, 199 N. W. 23, plaintiff sued for divorce, but defendant on her cross-petition was granted only separate maintenance, as prayed. This court held that the plaintiff had no right to insist that his wife receive an absolute divorce, "nor will this court impose upon the defendant the necessity of submitting to the severance of the marital relation when she does not ask for such relief."

The defendant attacks the amount allowed for separate maintenance allowed to the wife, which was a proper amount, and complains of the unlimited allowance for education and vacation expenses allowed the minor daughter. However, the decree provides for a definite payment of but $25 a month for the daughter, Gloria. In his testimony the defendant said that Gloria was a very obedient child, and indicated a father's love for her, and that he is carrying a $15,000 insurance policy on his life in favor of his daughter, Gloria, all of which implies his willingness to give her an education, including vacation trips. The record and decree are both silent as to the cost of these items. This court makes no specific award for such education and vacation trips of the daughter, Gloria, and directs that, in case of disagreement of the parties as to the amounts to be expended on these items, jurisdiction be retained by the district court to determine the amount thereof, when and if the occasion demands.

There is a strong argument made that there will be a continuing discord between the parties over the upkeep of the home at 2900 Stratford avenue in Lincoln. This home should be maintained for the minor daughter as well as for the wife, and the decree requires the defendant to meet certain expenses thereof. However, in the opinion of this court, it will avoid constant annoyance if a definite amount is fixed, as far as possible, which the defendant is required to pay to maintain this home. We therefore direct that the

defendant shall pay the real estate taxes and the fire and tornado insurance; that in addition thereto he shall pay reasonable repairs, and heating expense in a sum not to exceed $275 a year, which defendant testified was the average cost of those two items. The other expense of the house should be paid by the plaintiff out of her allowance of $300 a month.

It is charged that the attorneys' fee of $2,000 allowed in the district court is greatly excessive. We notice in the record in this case that certain preliminary orders for temporary support were required, and the trial itself lasted four days, a number of depositions had been taken, and many consultations were held between the plaintiff and her attorneys, the kind of evidence produced showing that it required patient investigation and time in securing the witnesses to testify to the facts.

The plaintiff's brief lists assets of the defendant as follows: Real estate, $40,000; bonds, $23,150; stocks, $124,-320; the defendant's interest in his father's estate, $157,-915.37; and other personal property, and cash surrender value of insurance, making total assets of $360,579.42, less total liabilities of $58,618.74, or a net worth of $301,960.68, which amounts are not all admitted by the defendant.

Considering the amount of property involved, the investigations and preparation necessary for the trial, as well as the length of the trial, it is our opinion that the fee of $2,000 allowed by the trial court was proper, and to that we add a fee of $750 for plaintiff's attorneys in this court. The decree of the district court appears to be right and just under all the evidence, and no good reason appears for changing it, except as modified for the upkeep of the house. It therefore follows that it should be, and hereby is, affirmed as modified.

AFFIRMED AS MODIFIED.