GEORGE F. LILLIE, APPELLEE, v. BERTHA ALICE LILLIE, APPELLANT.

17 N. W. 2d 799

FILED MARCH 2, 1945. No. 31901.

*Mothersead & Wright,* for appellant.

*W. H. Kirwin* and *Neighbors & Danielson, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

Plaintiff brought suit for a divorce from the defendant on the ground of cruelty. Defendant denied the allegations generally and cross-petitioned for separate maintenance on the ground of extreme cruelty on the part of the plaintiff. The trial court granted plaintiff an absolute divorce and awarded the defendant permanent alimony, the custody of the two minor children and an allowance for their support. From this decree the defendant appeals.

The record shows that the parties were married on February 6, 1926. Two children were born, Joan, age 13, and George, age 9. Plaintiff was 40 years of age at the time of the trial and Bertha Lillie, the defendant, was approximately the same age. Both are in good health. The petition alleges that defendant had an ungovernable temper, frequently cursed the plaintiff, called him vile names, accused him of improper relations with other women generally, threatened to kill herself and the children on numerous occasions, struck and scratched him on many occasions, and on one occasion expressed regret that he had not been killed. The defendant's cross-petition alleges affirmatively that plaintiff became enamored of another woman and repeatedly boasted of having illicit relations with other women, that he struck and abused her on numerous occasions and repeatedly cursed her and used vile and profane lan-

guage before her friends, and sought to estrange the children and the defendant.

We shall make no effort to review the evidence relative to the marital differences of this husband and wife. We content ourselves with the statement that the charges and countercharges, the name calling and physical violence testified to by the parties are so odious and repulsive to common decency that we shall give it no space in this opinion. We find no error in the trial court's finding that the evidence did not justify a decree of separate maintenance for the defendant and that the evidence was sufficient to sustain a decree awarding an absolute divorce for the plaintiff on the grounds of extreme cruelty. The appeal does not involve the custody of the two minor children or the award of $50 a month for child support decreed by the trial court. This leaves for our consideration the correctness of the award of permanent alimony to the defendant.

The evidence shows that the plaintiff and his brother, Wallace Lillie, owned all the stock of the Platte Valley Cement Tile Manufacturing Company. They operated plants at Fremont and Scottsbluff, Nebraska, and, when the business of the corporation required it, plants were established at Kearney, Nebraska, and Boise, Idaho. In 1942 and 1943 the business was very successful through the acquiring of contracts connected with government projects. In 1942 the company made $42,000, which was reduced to $18,000 by the payment of income taxes, and in the forepart of 1943 the evidence indicates a profit of $52,000. The income tax return for 1943 indicates a profit of only $15,092.79 for the whole year. The total net worth of the company is shown to be $76,711.94 on December 31, 1943. On December 31, 1942, the net worth was shown to be $86,924.93. There is evidence in the record that the company lost more than $24,000 during the first three months in 1944. There is other evidence in the record to the effect that the business of this company was slumping and that the large profits received in 1942 and 1943 could not be expected to continue.

Plaintiff and his brother also organized a partnership to

engage in the sand and gravel business. Plaintiff's profit from this business was $1,185.94 in 1943. Additional income of $1,300 is shown in 1943 as being derived from rents. In 1942 and 1943 plaintiff received $9,000 a year as salary from the company. In April, 1944, it was reduced to $4,200 a year. Plaintiff's income tax return indicates a total income of $11,385.94 in 1943. This does not take into consideration any undivided profits in the corporation which were not distributed. On the other hand, the corporation owes some obligations and plaintiff has had to pay off certain debts growing out of the purchase of the outstanding stock of the corporation in 1939. In any event, we are convinced that the plaintiff has a net worth in excess of $35,-000. For many years prior to 1939 plaintiff did not earn in excess of $200 a month and most of the time a much lesser amount. The property he now has was acquired long after his marriage to this defendant. The defendant has little or no earning capacity, with little opportunity to improve herself in this respect during the period she is charged with the care and support of the children. There is nothing in the record relative to the conduct of the parties which affects the amount of permanent alimony to be allowed.

In allowing permanent alimony the court will consider the respective ages of the parties to the marriage, their earning ability, the duration of and the conduct of each during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, whether the property was accumulated before or after the marriage, and any and all other circumstances bearing upon the question. *Hild v. Hild,* 135 Neb. 896, 284 N. W. 730; *Martin v. Martin,* decided February 16, 1945, *ante,* p. 655, 17 N. W. 2d 625.

The trial court awarded the defendant the family home in Scottsbluff valued at $6,000 to $6,500, upon which there is a mortgage of $3,800. The furniture in the home was also given to the defendant. The trial court also awarded defendant $7,500 payable at the rate of $125 a month. We

think that this amount is insufficient under the evidence and holdings of this court and that it should be and is increased to $10,000. All other provisions and conditions of the decree are proper and warranted by the evidence. Defendant is awarded $250 attorney's fees for service rendered by counsel in this court.

AFFIRMED AS MODIFIED.