ELIZABETH TREVETT, APPELLANT, v. LOUIS TREVETT, APPELLEE.

38 N. W. 2d 332

Filed June 29, 1949. No. 32593.

*Mark J. Ryan,* for appellant.

*L. W. Crumbaugh* and *John E. Newton,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for divorce by Elizabeth Trevett, plaintiff, appellant here, against Louis Trevett, defendant, appellee here. Divorce was denied by the decree of the district court. From this decree and an order overruling a motion for new trial plaintiff has appealed.

The ground alleged for divorce was that the defendant had been guilty of extreme cruelty upon and toward the plaintiff. For answer the defendant denied generally the acts of cruelty charged against him and further answering pleaded that the acts of cruelty, if any, which he had committed against plaintiff had been condoned and that because thereof she was not entitled to a divorce. The prayer was for dismissal of the petition.

These parties were married in Dakota County, Nebraska, March 30, 1942. They went to live at the farm home of defendant in Dixon County, Nebraska, which was, at all times referred to herein, the residence of the defendant. They separated in August 1944 and in September 1945 the plaintiff filed a petition for divorce from defendant on the ground of cruelty. There is little question that the acts of cruelty charged therein constituted a part of the acts charged in the petition herein. On February 22, 1946, a reconciliation took place and that action was abandoned. On July 3, 1947, this action was commenced.

The case was presented to the district court by plaintiff on the theory that the defendant on the reconciliation promised not to repeat the cruelties which had theretofore been practiced and that he would desist from any

such practice, but that he had failed to keep his promise and did commit further cruelties therefore she was entitled to reassert her charges and obtain a divorce on account thereof.

The theory is a correct one and on it she is entitled to the relief she seeks provided the evidence sustains her position and provided further that she is not barred by acts of condonation on her part. Even without such an express promise he was obliged to pursue a line of conduct in keeping with the terms of such a promise, and for failure so to do an action for divorce embodying the earlier cruelty was available to her. McConnell v. McConnell, 37 Neb. 57, 55 N. W. 292.

The evidence as to incidents and details of the alleged cruelty is meagre and in most incidents not corroborated. All of it is denied by the defendant. We think however that had the cause been decided favorably to the plaintiff on that issue the evidence would have been sufficient to sustain it.

The cause was not however decided on that issue but on the issue of condonation. Plaintiff was denied a divorce on the ground that she had condoned any act or acts of cruelty committed upon or against her by the defendant.

The condonation which was found to have taken place did not relate in any wise to the reconciliation which took place in February 1946, but to cohabitation which the defendant says occurred thereafter and continued up to a few days before the trial.

The defendant testified that cohabitation started when plaintiff came back to Dakota County, Nebraska, and continued periodically about every two weeks until May 26, 1947. Just when she came to Dakota County is not made clear but from the allegations of the petition it would appear to have been as much as a year prior to July 3, 1947. He testified that she came to his home and spent the night with him in March 1947 and that she lived with him at his home in the relation of husband and wife

for a period of about five weeks beginning May 26, 1947. He further testified that he cohabited with her thereafter about every two weeks until just a few days before the trial.

Cohabitation is denied by plaintiff. She admits that she was at the home of defendant for at least three weeks but says that she was practically a prisoner. She says that she was there only for the purpose of protecting her right of supervision of the small child of the parties.

Some of the incidents, according to the testimony of defendant, occurred under the observation of relatives and presumably friends of the plaintiff. None of these was called to refute the claims of defendant or to support the denials of plaintiff.

It is said in McConnell v. McConnell, *supra:* "A wife may condone the cruelty of her husband, but the husband, to avail himself of such condonation, must establish the same by clear and satisfactory proofs."

The evidence of defendant was clear and sufficient if believed to sustain the defense of condonation. We think, in the sense and in the relationship used, satisfactory means a quality, in addition to the clarity required, which is sufficient by preponderance to convince and to outweigh the evidence, if any, to the opposite effect.

The evidence was evidently considered clear and satisfactory by the trial court. Bearing in mind the rule that in actions for divorce if the evidence is principally oral and is in irreconcilable conflict, and the determination of the issues depends upon the reliability of the respective witnesses, the conclusion of the trial court as to such reliability will be carefully regarded by this court on review of the evidence, we conclude that the evidence of defendant clearly and satisfactorily established the defense of condonation. Peyton v. Peyton, 97 Neb. 663, 151 N. W. 150.

The decree of the district court is affirmed.

AFFIRMED.