KARL H. STEFAN, APPELLEE, v. HELEN FERGUSON STEFAN,
APPELLANT.

39 N. W. 2d 918

Filed December 12, 1949.   No. 32655.

*Lee & Bremers,* and *Richard W. Lee,* for appellant.

*Jack W. Marer* and *Norman Denenberg,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

The plaintiff, Karl H. Stefan, filed this action for absolute divorce in the district court for Sarpy County against Helen Ferguson Stefan, defendant. The plaintiff's petition charged the defendant with general acts of extreme cruelty without cause or provocation on his part which interfered with his ability to carry on his duties as a naval officer and which ultimately destroyed the legitimate ends of matrimony. The defendant's

amended answer denied the allegations of extreme cruelty as alleged in the plaintiff's petition. By cross-petition the defendant, in addition to alleging general acts of extreme cruelty on the part of the plaintiff, specifically alleged that the plaintiff was guilty of extreme cruelty toward her in that the plaintiff demanded of her abnormal and perverted acts of sexual intercourse which caused her severe internal injuries requiring medical care, operations, and hospitalization, and upon occasions when she refused to submit to such acts the plaintiff beat her. She also alleged interference on the part of the plaintiff's mother in the marital status; the plaintiff's subjection to his mother's will; attempts made by the plaintiff to kill or seriously injure the defendant; and prayed for separate maintenance and support money. The plaintiff's reply was a general denial of the allegations of extreme cruelty charged against him in the cross-petition.

After hearing had, the trial court granted the plaintiff an absolute divorce, dismissed the defendant's cross-petition, and allowed the defendant alimony, attorney fees, and costs. Upon the overruling of her motion for a new trial, the defendant appealed.

For convenience the parties will be designated in this court as they appeared in the district court.

The defendant contends the trial court erred in granting the plaintiff an absolute divorce from the defendant, in failing to grant the defendant a decree of separate maintenance as prayed for in her amended cross-petition, and in making an award of alimony to the defendant which was wholly inadequate under the testimony.

We proceed to a determination of these assignments of error.

To detail the evidence in this voluminous bill of exceptions would unnecessarily lengthen this opinion, we therefore give a summation of the material and relevant parts thereof in determining this appeal.

The record discloses that the parties were married at

Kingston, Rhode Island, on March 16, 1944. The plaintiff, at the time of trial, held the rank of lieutenant commander in the United States Navy and was 32 years of age; the defendant was a registered nurse, had had experience as an airline hostess and in modeling, and was 31 years of age. The plaintiff was assigned for duty at various places. In a combat zone he was injured when his plane failed to properly land on a carrier. After recovery he was sent to Annapolis, Maryland, for post graduate study as an aeronautical engineer, and upon the completion of that tour of duty, was assigned to Minneapolis, Minnesota, where the parties separated about June 21, 1948. It is deemed unnecessary to relate or detail the various moves made by the parties.

The record does disclose that almost immediately from and after the marriage the defendant, on several occasions, made accusations against the plaintiff with reference to his conduct in dating and going out with other women. There is evidence that the plaintiff entertained a nurse who had attended him for his injuries while hospitalized at San Diego, California, when she was transferred to Washington, D. C., by taking her to dinner at a hotel and later going with her to the apartment house where she resided and where they met other people in a recreation room. He was in company with another officer and lady, and related these facts to the defendant. There is another instance in the record where he was in the company of a lady and appeared at the bachelor quarters of an officer friend, and other instances of him being in company with ladies, but there is no competent evidence of any misconduct on his part with respect to any of them.

The acts of excessive sexual intercourse and sex perversion charged by the defendant against the plaintiff are fantastic, exaggerated, and unbelievable. The defendant, by the course of her conduct, has contributed to the plaintiff's inability to carry on his duties as an officer in the United States Navy. She was moody, in-

different, curt, and on several occasions refused to talk to the plaintiff. She, in the presence of others, accused him of making excessive sexual demands of her, and also accused him of placing his mother before her and of sending money to his parents thus failing properly to provide for her. She called him various uncomplimentary names for his conduct in such matters. The record shows that he was not indebted to his parents in any amount during the period of the married life of the parties.

During the course of their married life the parties consulted the clergy and a psychiatrist to assist them in their marital problems. The advice received rather favored the plaintiff's point of view, which enraged the defendant to the extent that she made accusations against the plaintiff, and that he and the psychiatrist were dating each other and conniving against her.

The defendant testified that on two occasions the plaintiff threatened to kill or injure her. We find from the record her claims in such respect are without foundation.

In an action for divorce if the evidence is principally oral and is in irreconcilable conflict, and the determination of the issues depends upon the reliability of the respective witnesses, the conclusion of the trial court as to such reliability will be carefully regarded by this court on a review. See, Trevett v. Trevett, 151 Neb. 517, 38 N. W. 2d 332; Brown v. Brown, 146 Neb. 908, 22 N. W. 2d 148.

A study of the evidence in the case at bar discloses such an unfortunate marital condition existing between the parties as absolutely prevents a reconciliation, and therefore the action of the trial court in granting the plaintiff an absolute divorce is supported by the evidence. It has been held by this court that the trial court is vested with a sound discretion in determining whether a limited divorce from bed and board or an absolute divorce shall be granted, and we have said that in the majority of cases an absolute divorce is

preferred. See, Gibson v. Gibson, 143 Neb. 882, 11 N. W. 2d 760; Wetenkamp v. Wetenkamp, 140 Neb. 392, 299 N. W. 491; Hudson v. Hudson, 151 Neb. 210, 36 N. W. 2d 851; Sutherland v. Sutherland, 132 Neb. 558, 272 N. W. 549; Yost v. Yost, 143 Neb. 80, 8 N. W. 2d 686.

From a review and analysis of the record we conclude the evidence is sufficient to award the plaintiff an absolute divorce.

In a divorce action in awarding alimony it is the duty of the court to take into consideration the estate of the parties, if any, at the time of the marriage and their respective contributions since; the duration of the marriage; the wife's loss of her interest in the husband's property by virtue of the divorce; the social standing, comforts, and luxuries of life which the wife would probably have enjoyed; the conduct of the parties leading up to the divorce; to which party the divorce was granted; the age and condition of health of the parties; and all other facts and circumstances, and make an award which appears to be fair and equitable. See, Marquardt v. Marquardt, 151 Neb. 583, 38 N. W. 2d 403; Hild v. Hild, 135 Neb. 896, 284 N. W. 730; Lillie v. Lillie, 145 Neb. 683, 17 N. W. 2d 799.

The trial court, in the light of the foregoing authorities, took into consideration the amount of personal property accumulated by the parties by their joint efforts and otherwise, and awarded the defendant one-half thereof which amounted to $5,322.39, and also awarded defendant some gifts she had received. In addition, the defendant was awarded attorney fees and costs of the action.

We conclude that the amount of the alimony so awarded the defendant was fair and equitable under the circumstances as shown by the record.

Costs on appeal are to be taxed to plaintiff, and the defendant's counsel is awarded a fee of $250 for services rendered in this court to be taxed as part of the costs.

The judgment of the district court is affirmed.

AFFIRMED.