STEELE *v.* STEELE.

1. DIVORCE—ADULTERY—PROOFS—SUFFICIENCY.

In a suit by a husband for a divorce on the ground of infidelity, the finding of the court below that the charge was not established, *held*, justified by the record.

2. SAME—WHEN CHARGE OF ADULTERY CONSTITUTES CRUELTY.

False and malicious charges of adultery, made by a husband against his wife, may constitute legal cruelty, when made with persistency and under aggravating circumstances.

3. SAME—CHARGE OF ADULTERY MADE IN GOOD FAITH DOES NOT CONSTITUTE CRUELTY.

A charge of infidelity, in a bill for divorce, made by a husband in good faith and in the belief that he would be able to establish it by competent proof, is insufficient ground on which to base a claim of extreme cruelty in a cross-bill filed thereto, although his proofs are insufficient to establish said charge.

4. SAME — HABITUAL DRUNKENNESS — OCCASIONAL INTOXICATION NOT HABITUAL DRUNKENNESS.

That a husband was occasionally under the influence of intoxicants, is not habitual drunkenness within the meaning of the statute making it a ground for divorce.

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 19, 1927. (Docket No. 113.) Decided April 1, 1927.

Bill by Frank N. Steele against Grace C. Steele for a divorce. Defendant filed a cross-bill for a divorce. From the decree rendered, both parties appeal. Reversed, and bill and cross-bill dismissed.

*John G. Turner* and *Willard J. Turner,* for plaintiff.

*Cross, Foote & Sessions,* for defendant.

[1]Divorce, 19 C. J. § 355; [2]Id., 19 C. J. § 93; 18 L. R. A. (N. S.) 300; 34 L. R. A. (N. S.) 360; 9 R. C. L. 346; 2 R. C. L. Supp. 784; 6 R. C. L. Supp. 548; [3]Id., 19 C. J. § 93; [4]Id., 19 C. J. § 138.

SHARPE, C. J.    Plaintiff and defendant were married in 1909.    They have two children (twins), aged 15 years.    On May 14, 1925, plaintiff filed a bill for divorce, charging infidelity on the part of the defendant.    She answered, denying the allegations in the bill, and by cross-bill alleges extreme cruelty on his part.    The trial court dismissed plaintiff's bill, and granted defendant a decree on her cross-bill.    Plaintiff appeals from the decree dismissing his bill, and defendant from the award of alimony made to her.

The testimony on which plaintiff relies to establish defendant's misconduct is flatly contradicted by her, and in part by other witnesses called by her.    It appears that plaintiff had in his possession a sworn statement of the matters testified to by his principal witness as early as August, 1923, and yet after that time he wrote defendant many letters in which no allusion was made to such matter, and in which he blamed himself for their domestic troubles, and stated that many people had lied to him about her actions.    The charge is a serious one.    The trial court heard and saw the witnesses, and found that it was not established. With this conclusion we agree.

The trial court granted defendant a decree because "of the untrue charge made against her of infidelity." There is no allegation in her cross-bill that plaintiff made this charge at any time except in his bill of complaint.

In *Simon* v. *Simon*, 225 Mich. 645, it was held (syllabus) :

"False accusations of adultery by a husband against his wife would entitle her to a decree of divorce."

In 9 R. C. L. p. 346, in considering whether such a charge amounts to cruelty, it is said:

"To support a charge of cruelty it must appear that the words were uttered without justifiable cause and for the purpose of inflicting pain.    When they are

uttered merely as a complaint against apparent misconduct or as the result of natural feelings excited by misconduct, they are insufficient to constitute cruelty. There is, however, good authority, especially in the modern cases, for the position that false and malicious charges of adultery made by a husband against his wife may constitute legal cruelty when made with persistency and under aggravating circumstances."

There is proof that plaintiff talked to defendant's mother and to some others about defendant's misconduct, and that he was at one time impressed with the truth of the stories he had heard, but it appears that on her denial he placed no credence in them until evidence of a seemingly convincing nature was placed before him shortly before the bill was filed. While unwilling, as before stated, in view of her denial under oath and the corroborative evidence she was able to submit, to hold that the charge was established, we must say that her conduct with Dr. Scott was indiscreet. She admitted making a loan to him of $550, and her subsequent meetings with him, in reference to it as she claims, were at times and places likely to cause distrust of her fidelity on the part of her husband. We have no doubt that the charge in his bill of complaint was made by plaintiff in good faith, and in the firm belief that he would be able to establish it by competent proof. A charge thus made in a bill of complaint is not, in our opinion, sufficient ground on which to base a claim of extreme cruelty in a cross-bill filed thereto.

Defendant's counsel insist that, independent of this charge, there was sufficient proof of other acts of cruelty to justify the decree made. As the hearing is *de novo,* these must be considered. That particularly relied on was the charge of habitual drunkenness. Several witnesses called by defendant testified that they had seen the plaintiff in a state of intoxication on several occasions. About a dozen witnesses called

237—Mich.—41.

by plaintiff, one of them in business in the same block in which was his office, another who employed him often professionally, the keeper of the cafe in which he frequently ate his meals, several of his nearest neighbors, and others who knew him well and saw him frequently, testified that they had never seen him in an intoxicated condition. As was said in *Lentz* v. *Lentz*, 171 Mich. 509, 517:

"The most that can be said, giving the testimony of complainant full credence, is that defendant was occasionally under the influence of intoxicants. This is not in our opinion the habitual drunkenness contemplated by the statute."

In our opinion, there was not sufficient proof to warrant a decree of divorce. One may be here entered, dismissing both the bill and the cross-bill. No costs will be allowed.

SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred. BIRD, J., did not sit.