EDWIN D. CLOUGH, APPELLEE, v. ROSE CLOUGH, APPELLANT.

273 N. W. 31

FILED MAY 7, 1937. No. 29981.

*Mapes, Johnson & Maynard,* for appellant.

*Cook & Cook, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and BLACKLEDGE, District Judge.

BLACKLEDGE, District Judge.

In a divorce action in the district court for Dodge county by the appellee, as plaintiff, against the appellant, the grounds alleged in the petition were extreme cruelty and adultery on the part of the defendant. The defendant answered denying the charges of the petition, and herself charged cruelty against plaintiff by reason of the charge of adultery made in the petition, and prayed that a divorce be granted to her.

The trial court found the charge of adultery not sustained and granted a divorce to plaintiff on the ground of extreme cruelty, allowing the defendant alimony in the division of certain property and a further money payment in the sum of $4,825.

Appellant here complains of that disposition of the case upon the grounds that the decree is, not sustained by the evidence, that the appellant is entitled to a decree of divorce in her favor on the false charge of adultery made by the appellee in his petition, and that the alimony awarded is inadequate and was erroneously computed, in that certain losses had been charged against the joint accumulations of the parties, instead of to the plaintiff alone.

The trial of the case was commenced March 19, 1936, and the taking of testimony concluded March 23. The evidence is preserved in a bill of exceptions of 400 pages. It would serve no useful purpose to refer to the testimony in detail. We find therein ample evidence to sustain the decree in plaintiff's favor on the ground of extreme cruelty. This is one of that class of cases in which the opportunity to both see and hear the witnesses as they testify places the trial court in a much better position to know the weight and credibility that ought to be given to the testimony than a reviewing court can possibly be from reading a transcript thereof, and we conclude that the decree should not be disturbed upon that ground.

As to the matter of the charge of adultery and the effect thereof, the trial court makes no specific reference thereto in the decree proper, but finds for plaintiff and places the divorce awarded upon the ground of extreme cruelty. The trial judge did, however, in a memorandum opinion, give his view on that phase of the case, in which this language is used:

"The charge of adultery was not, in my judgment, proved by the evidence. However, I do not believe that under the law the charge constitutes cruelty which would entitle Mrs. Clough to a divorce. The circumstances were such that Mr. Clough had a right to believe that his charges were true, although not proved to the satisfaction of the court, especially in view of his physical condition, which doubtless caused these circumstances to assume greater significance to him than to a man with full physical and mental strength."

The appellant, however, not content with her acquittance on that charge, seeks to have the making of it considered as cruelty upon which the divorce should be awarded to her, and cites the cases of *McNamara v. McNamara*, 93 Neb. 190, 139 N. W. 1045, and *Sample v. Sample*, 82 Neb. 37, 116 N. W. 953. We do not find these cases to be authority for appellant's position. There is neither claim nor testimony that appellee in this case made the charge otherwise than in his petition. There is nothing to show that he made it maliciously or in bad faith. He did undertake to support it by evidence at the trial. The trial judge concluded that the circumstances were such that he had a right to believe that his charges were true. In the *Sample* case, the first paragraph of the syllabus is:

"Whether accusations of infidelity made by one spouse against the other constitute extreme cruelty within the meaning of the statute must be determined by the facts of each particular case. In no case will they be given that effect unless they are shown to be either unfounded or malicious."

In the *McNamara* case, the second paragraph of the syllabus is:

"A false and malicious accusation of adultery by a husband against his wife is cruelty, and if, knowing it to be wholly unfounded, the husband wilfully makes such accusation, and is guilty of other acts of cruelty while her action for divorce is pending, such conduct on his part will be considered as aggravating former acts of cruelty relied upon for a divorce."

Also in the case the charge was made during its pendency, as a sort of defensive threat, in an effort to induce plaintiff therein to abandon her case. Its status and the extent to which the court gives it consideration are indicated by the following language taken from the opinion by Sedgwick, J:

"The defendant, without any ground therefor, as he and his counsel now substantially admit, wrote a long letter, ostensibly to his lawyer, reciting in detail accusations

against his wife. * * * This letter, though ostensibly written to his lawyer, was inclosed in an envelope addressed to his wife, and it was received by her. * * * It is urged that conduct after the action was begun cannot furnish a ground for divorce, but it has been held by courts of high authority that to falsely and maliciously charge a virtuous woman with crimes of this character, even if those charges are contained in the pleading and alleged as a matter of defense, if wholly unsupported by the evidence, would be regarded by the court as cruelty, and as aggravating other charges of cruelty relied upon as ground for divorce."

The case of *Steele v. Steele,* 237 Mich. 639, 213 N. W. 66, 51 A. L. R. 1186, is very much in point, and there is appended in 51 A. L. R. 1188, a note which well covers the authorities on the proposition. Also in *Berdolt v. Berdolt,* 56 Neb. 792, 77 N. W. 399, this court held, and states in the second paragraph of the syllabus:

"The charges made in a petition in a suit for divorce do not furnish proper and forceful grounds to be pleaded and urged in the cross-petition in the same action."

We conclude that, upon the facts disclosed in the instant case, the appellant's position is not tenable.

Coming now to the matter of alimony and property distribution as determined by the final decree, we have given the same careful consideration, as, also, we find, did the trial court. For we find that, after the filing of the memorandum opinion April 25, 1936, a decree was prepared May 21, following which each party by motion made objections to certain items and allowances in the matter of the property. These were reconsidered, and the trial judge, at the request of both parties, made a personal trip to inspect one of the properties on which a mortgage in the sum of $9,100 had been charged against plaintiff. A supplementary decree was entered July 16. This item was allowed to stand, although the court had before been of the impression that the security therefor was 160 acres of land when, in fact, it was but 80 acres.

Some minor changes were made, including the allow-

ance to appellant of $200 for corn sold, and the transfer by deed to her of two out of three Fremont lots. A result of this modification was an increase in the amount of cash to be paid appellant from $4,700 to $4,825.

The parties had each been previously married, each had children by the former marriage, and there were three children by the present marriage. This marriage had existed during twenty years, in which time the parties had been reasonably prosperous. Before the marriage the appellee had acquired 160 acres of land and $5,000 in money in addition to farm equipment. During the marriage they acquired an additional 80 acres of land valued at $6,000, and bonds, stocks and mortgages, so that at the time of trial the court valued the actual assets of appellee at $16,950. The court adopted the basis of allowing the appellee to retain the land held before the marriage and the $5,000, which item is deducted from the above figures, leaving $11,950 as the joint accumulations, not including $3,000 of elevator stock in which each held an equal amount. There were also other items considered, and liabilities of appellee, bringing the net amount to be divided to $9,400, which, on division, gives the appellant the $4,700 before mentioned, and was increased to $4,825 on reconsideration. The complaint seriously urged here by appellant as to this computation is that the court did not charge to appellee alone some $6,000 of "losses" but deducted the same from the joint accumulations before making the division. Of this amount some $3,200 was in loans to the children and a nephew of appellant. On one note it was thought a salvage of $500 might be had. The rest was in apartment house bonds, $2,600, and Blair bridge bonds, $1,500. These were not entire losses, although worth less than par, and what the court did with them, finding the actual value uncertain or indeterminable, was to divide them in kind equally between the parties and they are not included in the items leading to the final amount of $4,825.

We find that under the circumstances of this case the trial court adopted a just and proper basis for adjustment

of the property rights of the parties and that its final action in that regard should be approved.

It follows that the decree of the district court should be and it is affirmed.

Appellant is allowed an attorney's fee of $100 in this court to be paid by appellee. Otherwise, costs herein are taxed to appellant.

AFFIRMED.