WHITMAN *v.* WHITMAN.

1. Divorce—Extreme Cruelty—Statutes.

Whether or not a party may be entitled to a decree of divorce on the ground of extreme cruelty is to be determined from the facts and circumstances of each case as the statute providing that divorce may be granted on the ground of extreme cruelty does not define what it is (3 Comp. Laws 1929, § 12729).

2. Same—Extreme Cruelty—Record.

In husband's suit for divorce, decree for plaintiff on ground of extreme cruelty *held*, not justified under record showing plaintiff and defendant to be respectively 52 and 50 years of age, that they have accumulated a home, that character of neither has ever been challenged by anyone else, and that they have merely allowed the respect, admiration and love for one another to grow cold.

Appeal from Wayne; Moll (Lester S.), J. Submitted October 14, 1938. (Docket No. 60, Calendar No. 40,219.) Decided November 10, 1938.

Bill by B. Frank Whitman against Alice P. Whitman for an absolute divorce on grounds of extreme cruelty. Decree for plaintiff. Defendant appeals. Reversed.

*John Hal Engel,* for plaintiff.

*R. W. Nebel (Glenn W. Jackson,* of counsel), for defendant.

Sharpe, J. Plaintiff filed a suit for divorce and charged that defendant was guilty of extreme

cruelty. Defendant filed an answer denying such charges. Upon a hearing a decree was entered granting plaintiff a divorce. The decree also provided that defendant have the custody of their minor adopted child; and awarded the defendant certain property and a monthly allowance for the support of defendant and the adopted child. Defendant appeals.

The record in this cause shows that the parties were married in Marquette, Michigan, in 1911; and that when they were first married, plaintiff was a stenographer and later became a court reporter and is now so engaged. Plaintiff charges that defendant has a quarrelsome disposition, makes unfounded insinuations, threatened suicide, and has a nagging and fault-finding disposition. It would serve no useful purpose to the profession to go into the details of the particular items of proof offered to sustain the allegations mentioned in the bill of complaint and testified to at the hearing. As we view the record, we find that plaintiff is 52 years of age and defendant 50 years old; that the parties have accumulated a home; and that the character of each of the parties has never been challenged by anyone except the immediate parties to this suit.

Section 12729, 3 Comp. Laws 1929 (Stat. Ann. § 25.87), provides that a divorce may be granted on the ground of extreme cruelty, but does not define extreme cruelty. Such a determination may be made from the facts and circumstances in each case. In *Root* v. *Root,* 164 Mich. 638 (32 L. R. A. [N. S.] 837, Ann. Cas. 1912 B, 740), we held that mere incompatibility is not extreme cruelty. As we view the testimony in this cause, we are constrained to hold that the charge of extreme cruelty has not been sustained. The most that can be said is that the

parties have allowed the respect, admiration, and love for one another to grow cold.

The decree of the circuit court is reversed and the bill dismissed. Defendant may recover costs.

Wiest, C. J., and Bushnell, Potter, Chandler, North, and McAllister, JJ., concurred. Butzel, J., did not sit.