JACOB SELL, APPELLEE, v. DAISY C. SELL, APPELLANT.

29 N. W. 2d 877

Filed November 28, 1947. No. 32233.

*Merril R. Reller* and *Gerald W. Davis,* for appellant.

*Richard O. Johnson,* for appellee.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and LANDIS, District Judge.

MESSMORE, J.

This is a divorce action. In the district court the plaintiff was granted an absolute decree of divorce upon the grounds of extreme cruelty and the defend-

ant's cross-petition for separate maintenance was dismissed. From this judgment the defendant appeals.

For convenience, the appellant will hereinafter be referred to as defendant, and the appellee as plaintiff.

The record shows that the plaintiff and defendant were married March 22, 1940, and separated February 28, 1946. At the time of trial, in September 1946, plaintiff was 44 years of age and the defendant 47. The plaintiff, for thirty years or more, has been employed as a railroad fireman. The plaintiff and defendant have been acquainted for a number of years, she having been previously divorced. We are not here concerned with their previous acquaintance and conduct.

The plaintiff testified that immediately from and after the marriage to the date of separation, the defendant was guilty of extreme cruelty toward him on numerous occasions, which consisted in the main of accusing him of being out with other women, cursing him, using excessive profanity, belittling his family, comparing him with her previous husband and members of her family in a belittling manner, profanely making light of his nationality, and accusing him of giving some of his wages to his mother, profanely referring to her in a derogatory manner. This course of conduct on the defendant's part was continuous. On many occasions the plaintiff was forced to leave home and go to hotels after coming in from his run on the railroad because the defendant accused him of breaking her rest, and at other times he stayed with members of his family on such occasions.

The defendant denied the plaintiff's testimony with respect to the extreme cruelty charged against her.

It would serve no useful purpose to set out in further detail the conflicting evidence given by the parties to this suit as to their many bitter controversies over simple events of home life of which the bill of exceptions is replete.

The instant case is one of that class of cases in which

an opportunity to both hear and see the witnesses as they testify places the trial court in a much better position to know the weight and credibility that should be given to the testimony than a reviewing court can possibly be from reading the transcript and bill of exceptions. This court tries the case de novo, and yet we have said that, where the testimony of witnesses upon the vital questions involved is conflicting, this court will consider the fact that an experienced trial judge observed the witnesses and their manner of testifying and accepted one version of the facts rather than the other. In the instant case, we believe the trial court had a very definite advantage over the members of this court by observing the witnesses and their manner of testifying and determining the truthfulness or untruthfulness of the stories as told by them. See Clough v. Clough, 132 Neb. 748, 273 N. W. 31; Sutherland v. Sutherland, 132 Neb. 558, 272 N. W. 549; Hild v. Hild, 135 Neb. 896, 284 N. W. 730.

The defendant assigns as error that the testimony of the plaintiff was insufficiently corroborated. In determining the sufficiency of the evidence in divorce cases it is impossible to lay down a general rule as to the degree of corroboration required since each case must be decided upon its own facts. See Green v. Green, *ante* p. 19, 26 N. W. 2d 299.

From an examination of the record, we conclude that there is sufficient corroboration of the plaintiff's testimony to warrant the judgment of the trial court in granting the plaintiff an absolute divorce in the instant case.

One of the assignments of error is that the trial court should have granted a decree of separate maintenance to the defendant under the facts as disclosed by the record.

"The trial court is vested with sound discretion in determining whether a divorce from bed and board, or an absolute divorce, should be granted, and in a

majority of the cases an absolute divorce is to be preferred." Wetenkamp v. Wetenkamp, 140 Neb. 392, 299 N. W. 491. See, also, Sutherland v. Sutherland, *supra;* Phillips v. Phillips, 135 Neb. 313, 281 N. W. 22.

Although no violence is threatened, yet harping and nagging, continued for years by either a husband or wife, concerning conduct above reproach, may be so unreasonable as to utterly destroy the legitimate ends and objects of matrimony, and constitute extreme cruelty "by other means," as defined in section 42-302, R. S. 1943. See Brown v. Brown, 130 Neb. 487, 265 N. W. 556; Faris v. Faris, 107 Neb. 214, 185 N. W. 347; Oertle v. Oertle, 146 Neb. 746, 21 N. W. 2d 447; DeWaal v. DeWaal, *ante* p. 756, 29 N. W. 2d 371.

The defendant asserts as error that the trial court erred in allowing insufficient alimony to the defendant. From an analysis of the record it appears that the defendant received temporary alimony in the sum of $600; attorney's fee, suit money and costs of bill of exceptions and transcript, and the printing of briefs in her behalf, which amounted to approximately $352.85, and also obtained war savings bonds belonging to the parties in the amount of $225. She was awarded, as permanent alimony, the sum of $300 and household furniture of the claimed value of $1,500. The plaintiff was awarded a 1938 Buick automobile which had been sold by the defendant during the trial for $650 and which the court ordered to be returned, surrendered and delivered to the plaintiff. In addition thereto, he was awarded a United States Treasury check in the amount of $198.86, free and clear of claims of the defendant, wearing apparel, clothing, tools, and any and all records relating and pertaining to the plaintiff's employment, free and clear of any claims of the defendant. The value of the estate the parties accumulated amounted to approximately $4,150 at the time of trial.

The amount of permanent alimony to be awarded to a wife on divorce rests on the sound discretion of the

trial court. See section 42-318, R. S. 1943. See, also, Saum v. Saum, 144 Neb. 842, 14 N. W. 2d 844.

From the record in the instant case we conclude the trial court did not abuse its discretion in the awarding of the permanent alimony to the defendant in the instant case.

Defendant's attorney was allowed an adequate attorney's fee in the trial court, and additional allowance is requested for service in this court. Defendant has elected to make this appeal. Plaintiff has been required to pay the costs of appeal and to support the defendant during its pendency. We see no reasonable justification for the appeal. Under these circumstances, the allowance of an attorney's fee is denied. See Eicher v. Eicher, *ante* p. 173, 26 N. W. 2d 808.

The judgment of the district court is affirmed.

AFFIRMED.