RUTH STEVENSON WADE, APPELLEE, v. WILLIAM H. WADE, APPELLANT.

31 N. W. 2d 420

Filed March 19, 1948.    No. 32387.

Frost, Peasinger & Meyers, for appellant.

Bremers & Hunt, for appellee.

Heard before SIMMONS, C. J., MESSMORE, YEAGER,

CHAPPELL, and WENKE, JJ., and BARTOS and JACKSON, District Judges.

YEAGER, J.

This is an action for divorce instituted by plaintiff and appellee against defendant and appellant. In the action the defendant filed a cross-petition in which he prayed that a divorce be granted to him.

The action was tried to the court with the result that a decree of divorce was granted to plaintiff. By the decree the accumulated property of the parties was divided and set off to them.

From the decree the defendant has appealed. He, however, does not seek to have that part of the decree which grants a divorce to plaintiff disturbed. He seeks only a modification of that portion devoted to a disposition of the accumulated property of the parties. He insists that by the decree plaintiff was awarded an inequitably large amount of this accumulated property.

The parties were married October 13, 1942. No children were born of the marriage. At the time of the marriage neither of the parties was possessed of any property or estate. During the marriage they acquired a dwelling house. The original cost of the property was $1,500. With improvements which had been added it was worth, at the time of the hearing, about $3,600. The place had been fully paid for but on account of improvement and repair of the property there was a mortgage against it for $600 or $620. This is the only property which the parties possessed concerning which the record contains any competent evidence of value. The house contained six rooms of furniture and household goods and equipment. No evidence of its value appears in the record. There was a Hudson automobile. There is no evidence as to its value. It appears that it was encumbered to the extent of from $700 to $780. There was a bank account out of which plaintiff on May 17, 1947, drew $400. This she kept. These items, an in-

surance policy on the life of plaintiff for $300 and one on the life of defendant for $245, together with clothing and personal belongings constituted the accumulated property of the parties.

There is a sharp dispute as to the amount of the respective contributions of the parties to the accumulation of property. The effect of plaintiff's testimony is to say that the major portion of the contributions were made by her. The reasonable purport of the evidence of defendant is that the parties by their combined efforts in the light of their ability to earn over the years accumulated this property.

Both of the parties were gainfully employed during the period of the marriage. The record fails to disclose the actual earnings of the parties during this marriage. The plaintiff is a registered nurse. Defendant is a houseman engaged in domestic service. The plaintiff, it appears, at first was employed at St. Joseph's Hospital at Omaha, Nebraska, at a salary of $80 a month. About four months later it was increased to $90. About five months later it was increased to $125 a month. About three months later it was increased to $130. About three months later it was increased to $150 a month and it continued at that rate for about a year when it was increased to $175 a month. Her salary remained at that amount until January of 1947 when she discontinued her employment at this hospital. She was then employed at the Douglas County Hospital, Omaha, Nebraska, from January 1947 to the time of trial at a salary of $160 a month. After she went to work at the Douglas County Hospital she took a few private cases. The compensation received for these cases is not disclosed by the record.

The record is none too clear on the matter of income of the defendant but it appears that at the time of the marriage he was receiving a salary of perhaps $10 a week. He had increases in salary from time to time. Before 1944 his salary appears to have been increased

to $25 a week, in 1944 to $28.20, in 1945 to $35, and in 1947 first to $37.50, then to $40. In addition to his salary he at all times obtained board at the place of his employment. After the separation he also roomed at his place of employment.

The record does not disclose whether or not plaintiff took her meals at the places where she was employed but she was on regular duty as a nurse at hospitals and it is highly probable that meals were available for her.

This we think, as fairly as the record will permit, reflects the earnings out of which came the described accumulated property of the parties.

It may be well to state here that there is no evidence that during the married life of the parties separate accounts of income or expenditures were kept by the parties. It appears that these two people joined their respective incomes and efforts in a common purpose and to a common end.

Everything considered it would appear that the contributions of the parties to the common purpose and end were substantially equal. There is no competent evidence of an attitude of either one toward the other which should cause one to be favored over the other in a division of property. The evidence indicates that both parties are gainfully employed and that their earning capacities are about equal.

By the decree herein plaintiff was awarded title to the dwelling house, all household goods and effects, the afore-mentioned insurance policy on her life, and her personal effects.

The defendant was awarded the automobile, his personal effects, and the insurance policy on his life.

The decree is silent as to the $400 which the plaintiff withdrew from the bank in May of 1947.

In the division of the property it was the duty of the court in this case to take into consideration the estate of the parties, if any, at the time of the marriage and their respective contributions since, the duration of the mar-

riage, the wife's loss of her interest in the husband's property by virtue of the divorce, the social standing, comforts, and luxuries of life which the wife would probably have enjoyed, the conduct of the parties leading up to the divorce, to which party the divorce was granted, the age and condition of health of the parties, and all other facts and circumstances, and make an award which appeared to be fair and equitable. Swolec v. Swolec, 122 Neb. 837, 241 N. W. 771; Phillips v. Phillips, 135 Neb. 313, 281 N. W. 22; Specht v. Specht, 148 Neb. 325, 27 N. W. 2d 390; Pittman v. Pittman, 148 Neb. 864, 29 N. W. 2d 790.

In the light of the evidence in the record it appears that this rule could be complied with only by decreeing as nearly as possible an equal division of the accumulated property of these parties. Exactness cannot be reached because of an absence of proof of values. However we think we may reasonably conclude that the value of the household goods and the equity in the automobile are substantially equal and for the purposes of this opinion they will be so treated. We think the $400 which was withdrawn should be treated as money belonging to the parties and not to plaintiff alone.

We therefore conclude that the decree should have awarded to each of the parties a one-half interest in the dwelling as tenants in common; that plaintiff should have been required to pay $200 to defendant, the amount representing a one-half interest in the withdrawn bank deposit; that all household furniture and equipment should have been awarded to plaintiff; that the automobile should have been awarded to defendant with payment of the encumbrance against it to be made by him; that the parties should have respectively their own personal effects; and that the parties should have respectively their life insurance policies.

Accordingly the decree of the district court is reversed and the cause remanded with directions to enter decree

in conformity herewith: The parties shall each respectively pay their own costs.

REVERSED AND REMANDED
WITH DIRECTIONS.