BLANCHE MARQUARDT, APPELLANT, v. WILLIAM B. MARQUARDT, APPELLEE.

38 N. W. 2d 403

Filed July 7, 1949. No. 32625.

*Beghtol & Rankin, John C. Mason, Kenneth E. Anderson,* and *Nathan C. Holman, Jr.,* for appellant.

*Lloyd E. Chapman,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for divorce by Blanche Marquardt, plaintiff, appellant here, against William B. Marquardt, defendant, appellee here. From a decree granting her a divorce but denying alimony the plaintiff has appealed. The only question presented by the appeal is that of whether or not the district court erred in refusing to make an award of alimony in favor of plaintiff.

The parties were married July 10, 1943, at Waverly, Nebraska. The plaintiff was of about the age of 44 years and the defendant of about the age of 55. The plaintiff had been previously married three times. She had four children. Their ages were respectively about 22, 17, 16, and 13 years. All of these children, except the oldest, took up residence with the parties on their marriage. The defendant had been married once before. No mention is made of children of that marriage.

This court has said with regard to the question presented by the appeal herein: "In the division of the property it was the duty of the court in this case to take into consideration the estate of the parties, if any, at the time of the marriage and their respective contributions since, the duration of the marriage, the wife's loss of her interest in the husband's property by virtue of the

divorce, the social standing, comforts, and luxuries of life which the wife would probably have enjoyed, the conduct of the parties leading up to the divorce, to which party the divorce was granted, the age and condition of health of the parties, and all other facts and circumstances, and make an award which appeared to be fair and equitable." Wade v. Wade, 149 Neb. 502, 31 N. W. 2d 420. See, also, Swolec v. Swolec, 122 Neb. 837, 241 N. W. 771; Phillips v. Phillips, 135 Neb. 313, 281 N. W. 22; Munsell v. Munsell, 147 Neb. 590, 24 N. W. 2d 566; Jensen v. Jensen, 148 Neb. 689, 28 N. W. 2d 444; Sell v. Sell, 148 Neb. 859, 29 N. W. 2d 877; Pittman v. Pittman, 148 Neb. 864, 29 N. W. 2d 790.

Measured by these standards was the decree of the district court fair and equitable? Was the plaintiff entitled to alimony? We think on the record presented that the division of property was fair and equitable and that the court did not err in refusing to award alimony.

It is true that the property and estate was not equally divided and that the defendant was awarded a larger portion than was the plaintiff. However an examination of the incidents of the married life of the parties and the conduct of the parties leading up to the divorce does not cause this to appear unjust or inequitable.

At the time of the marriage the parties had no money or property except $600 or $700 worth of furniture and household goods most of which, if not all, had been paid for by the defendant, and an automobile acquired by defendant before the marriage which was of little value. While there appears to have been additions to the household effects since the marriage no value has been placed thereon. Apparently the additions were not extensive or of great value. The parties purchased a home, title to which was taken jointly by them. The equity at the time of the trial was, as near as can be ascertained from the record, worth between $1,600 and $2,600. The defendant had the tools of his trade on which no value was placed.

By the decree plaintiff was awarded, by way of ali-

mony, all household goods except two radios, a smoking stand, a writing desk, an electric heater, a quilt, and a pair of pillows, which items were awarded to the defendant. The defendant was awarded the entire equity in the home. No other or further award of alimony was made in favor of plaintiff.

The record discloses that defendant is a plastérer and cement finisher and that he diligently worked at his occupation during the married life of the parties. It discloses also that his entire earnings were devoted to provision of a home and the support of the parties, the children of plaintiff, and the families of her children.

It appears to be true that contributions were made by these or some of them but not on the basis of any agreement or understanding with defendant and he at no time received any of their contributions and it is very doubtful that he ever had any clear ideas as to the amount of contributions. The general attitude of those making contributions with regard to contributions and toward the defendant in that regard appears to be fairly reflected in the testimony of Milton A. Lewis, a son, as follows: "Q While you have been living at 2035 Euclid Street have you made any contributions to the expenses of the house? A I have paid board and room. I set my price. I figured it was at least as much as anyone else would pay and it was more than he paid me for the same service and I paid my mother $150.00 since I was there and I instructed my wife when I left for Alaska to pay them $15.00 a week."

During a considerable portion of the time that the parties lived together plaintiff was employed. She said that her earnings went to the upkeep of the household. She said also that the money received from the children and their families was used for the same purpose. This is not denied and it is doubtless true. However, it is apparent that contrary to his own will and wish a burden was imposed on defendant by plaintiff and her family

greater than was exacted by any principle of justice or equity.

While the evidence is not too clear on the point it is apparent that the defendant did object to the burden thus imposed upon him but to no avail.

A reasonable deduction from the evidence is, we think, that there was a lack of proper regard of the children and their families for the welfare, comfort, and position of the defendant as the head of his household and when difficulties arose on this account plaintiff's position was not at the side of her husband.

After an analysis of the record in the light of the rules to be adhered to in determining what alimony shall be allowed or what division of property shall be made when a decree of divorce shall be awarded we are unable to say that the court erred with relation to that subject in the decree herein.

The decree of the district court is affirmed.

AFFIRMED.