ETHELYN VIRJEAN SNYDER, APPELLANT, V. WILLIAM GENE SNYDER, APPELLEE.

40 N. W. 2d 227

Filed December 12, 1949. No. 32664.

*Stiner, Boslaugh & Stiner*, for appellant.

*J. E. Ray*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is a divorce action in which the only question raised on appeal is the adequacy of the permanent alimony allowed by the trial court.

Plaintiff and defendant were married on December 28, 1946. A son was born to this union on August 20, 1947. Marital difficulties developed which resulted in a divorce being granted to the plaintiff on March 13, 1948, on the ground of extreme cruelty. By the decree,

the custody of the minor child was granted to plaintiff, the amount of child support to be paid by the defendant was fixed, and the permanent alimony to be granted was reserved for later determination. On February 5, 1949, after further hearing, the trial court entered its decree fixing the permanent alimony in the amount of $390. From this decree plaintiff appeals.

The plaintiff and defendant were each 22 years of age at the time the divorce was granted. Plaintiff lived with her parents following the divorce. She obtained work in a local department store and earned approximately $20 a week. During the pendency of the litigation plaintiff's father died, leaving no insurance or other estate except a home which was heavily encumbered. In the fall of 1948 plaintiff and her son moved from Hastings to Lincoln to live with her mother. She has a position paying approximately $130 a month from which she pays her living expenses and for the care of the child while she is working.

Defendant has been engaged in business with his father and brother since the fall of 1946. The evidence shows that defendant's father, M. M. Snyder, owns a farm containing 160 acres upon which is located a slaughterhouse and the equipment necessary for the butchering of livestock. The farm and slaughterhouse are rented from the father by the two brothers as partners. The father provides a working capital for the partnership. The brothers assist their father in buying stock for the large packers and the father assists the two brothers in buying stock for the slaughterhouse. The partners each draw $50 a week from the business. No other distribution of profits has been made. The evidence shows that defendant earned approximately $3,077 during the 1947 income tax year.

The fixing of alimony in a divorce action is always to be determined by the facts of each case. Specht v. Specht, 148 Neb. 325, 27 N. W. 2d 390. In making an allowance of alimony it is the duty of the court to take

into consideration the estate of the parties at the time of the marriage; the wife's loss of interest in the husband's property resulting from the divorce; the social standing, comforts, and luxuries of life which the wife probably would have enjoyed; the conduct of the parties leading to the divorce; the age, health, and earning capacity of the parties; and all other facts and circumstances bearing upon the question. Wade v. Wade, 149 Neb. 502, 31 N. W. 2d 420; Marquardt v. Marquardt, 151 Neb. 583, 38 N. W. 2d 403.

The evidence shows that the parties had accumulated very little property, if any, during the existence of the marital relation. Plaintiff is able to work for a living and indicated an intention to do so by securing a position. Her net earnings are materially reduced, however, because of the care she is required to give the child. The net earnings of the defendant remain unimpaired except for the amount he is required to pay for the support of his child. Fairness and justice between the parties demand that this disparity be partially corrected in the form of permanent alimony. After an examination of all the evidence on the subject we conclude that defendant should be required to pay the plaintiff as permanent alimony the sum of $1,000 at the rate of $30 a month. Plaintiff will also be allowed $150 for attorneys' fees in this court.

AFFIRMED AS MODIFIED.

WENKE, J., dissenting.

While I fully agree that the principles announced in the majority opinion are here applicable, however, I do not arrive at the same result as therein reached with reference to permanent alimony when I apply those principles to the facts before us.

Considering the conduct of the appellee which resulted in these parties separating and being divorced, together with his earning capacity, I would allow the appellant not less than $1,800 permanent alimony payable in the same manner as in the majority opinion provided.