DANIEL L. BEALS, APPELLEE, V. CLARA R. BEALS, APPELLANT.
41 N. W. 2d 152

Filed February 9, 1950. No. 32708.

*Carl F. Benjamin* and *W. D. O'Shaughnessy,* for appellant.

*Samuel P. Caniglia,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for absolute divorce by Daniel L. Beals, plaintiff and appellee, against Clara R. Beals, defendant and appellant, in which the defendant filed a cross-petition wherein she prayed for a decree of divorce from bed and board or separate maintenance.

A trial was had and a decree of absolute divorce was granted to plaintiff and the prayer of defendant's cross-petition was denied. By the decree an award of property was made in favor of defendant the sufficiency of which is not brought into question in the event that this court should sustain the trial court in its conclusion that the evidence is sufficient to sustain the decree.

From the decree and an order overruling a motion for new trial which was duly filed, the defendant has appealed.

The only errors assigned are that the court erred in awarding a decree of absolute divorce to the plaintiff, that the court erred in dismissing defendant's cross-petition praying for a divorce from bed and board, and that the court erred in overruling defendant's motion for a new trial.

Under these assignments this court is called upon to determine the question of whether or not the evidence of plaintiff when weighed against that adduced by defendant is sufficient to entitle him to a decree of divorce and the converse question as to whether or not the evidence of defendant when weighed against that of plaintiff is sufficient to entitle her to a decree of divorce from bed and board.

The alleged ground for divorce is extreme cruelty and

the alleged ground for divorce from bed and board is that plaintiff grossly, cruelly, and wantonly failed, neglected, and refused to provide suitable maintenance for defendant although he is of sufficient ability so to do.

The acts of cruelty proved were that the defendant before the final separation of the parties, which was in 1934, kept herself and the home of the parties offensively untidily and she accused plaintiff falsely of consorting with other women.

We think that under the rule that any unjustifiable conduct of a husband or wife which so grievously wounds the mental feelings of the other, or so utterly destroys his or her peace of mind as to seriously impair the bodily health and endanger the life of the other, or such as utterly destroys the legitimate ends and objects of matrimony, constitutes extreme cruelty as defined in the statute, though no physical or personal violence may be inflicted or threatened, the evidence in this case supports the allegation of extreme cruelty alleged. See Oertle v. Oertle, 146 Neb. 746, 21 N. W. 2d 447.

This is subject however to the question of whether or not the evidence in defense of the action and in support of the cross-petition is sufficient to defeat the right of plaintiff to a decree of divorce.

The evidence of defendant discloses that since July 1947 the plaintiff has contributed no money to the support of defendant although the defendant has occupied a house which was purchased by the parties on which plaintiff has paid the taxes. The evidence further shows that prior to July 1947 plaintiff contributed to her support $50 each month since the separation and paid $50 a month on the purchase price of the house until it was completely paid for. The evidence further shows that defendant keeps roomers in the home from whom she receives an income, the amount of which does not appear in the record.

By the decree the defendant was awarded the home which the court found to be of the value of about

$10,000. She was awarded the household goods and $1,500 in cash.

Under the evidence and the rule. that the trial court is vested with a sound discretion in determining whether a divorce from bed and board or an absolute divorce shall be granted in a case, we do not think the right of plaintiff to a divorce has been defeated or that the court erred in granting the decree entered herein. See Sell v. Sell, 148 Neb. 859, 29 N. W. 2d 877.

The decree of the district court is affirmed.

AFFIRMED.