ARNOLD *v.* ARNOLD.

1. DIVORCE—EXTREME CRUELTY—SINGLE ACT.
    Just precisely how serious a single act and accompanying circumstances would have to be in any given case in order to constitute grounds for divorce for extreme cruelty is an issue which must be decided in the light of all facts and circumstances of the particular case.

2. SAME—APPEAL.
    The Supreme Court on appeal in a suit for divorce does not disapprove the result reached by the trial court in the absence of its being decisively evident that such result was erroneous, where the trial judge saw and heard the witnesses and had ample opportunity to evaluate the whole situation.

3. SAME—EXTREME CRUELTY—FILING OF BILL—EVIDENCE.
    Decree of trial judge dismissing defendant husband's cross bill for divorce based on wife's extreme cruelty in filing a bill for

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation § 49.

divorce and her failure to prove charges contained therein is affirmed, where record shows she shortly withdrew her bill, sought a reconciliation and claimed she still desired one and there is some evidence the parties later associated with each other without unfriendly relations.

4. SAME—COSTS—ATTORNEY FEE.

Defendant husband in suit for divorce is ordered to pay wife's attorney $150 within 60 days from date opinion is filed on appeal but no other costs, where husband has been required to pay temporary alimony of $325, appellee's brief on appeal consisted of only 14 pages and husband's appeal did not alter dismissal of husband's cross bill.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted January 17, 1952. (Docket No. 73, Calendar No. 45,314.) Decided March 6, 1952.

Bill by Sonne Arnold against Kenneth W. Arnold for divorce on ground of extreme and repeated cruelty. Cross bill by defendant against plaintiff for divorce on same grounds. Bill withdrawn and decree for plaintiff on cross bill. Defendant appeals. Affirmed.

*Floyd H. Skinner,* for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal,* for defendant.

NORTH, C. J. This is an appeal from a decree dismissing a cross bill for divorce. On August 25, 1950, Sonne Arnold, appellee, filed a bill in which she prayed for an absolute divorce, and that she be awarded the home of the parties, alimony, attorney's fees, and costs. She also prayed for an injunction restraining defendant from coming to the home or from disposing of any of his property. As grounds for divorce she alleged extreme cruelty in that appel-

lant threw her on the bed with violence, bruising and injuring her; threatened bodily harm to her; swore at her and called her obscene names; drank intoxicating beverages to excess; refused to give her money to buy clothing; returned home with stains on his clothing which led plaintiff to believe he had improperly associated with other women, and that he admitted to mutual friends he was going out with other women.

Appellant Kenneth W. Arnold filed an answer denying all the allegations of misconduct and also filed a cross bill in which he prayed for an absolute divorce. As grounds he alleged extreme cruelty in that appellee without any just cause started this divorce action against him without prior warning and had him enjoined from entering their home; also that plaintiff had entered into the marriage purely upon a mercenary basis. Appellee answered appellant's cross bill, denying all his allegations.

On December 8, 1950, appellee filed a motion requesting leave to withdraw her bill of complaint. In an accompanying affidavit she averred that she did not desire a divorce and that she had not understood at the time she signed her bill of complaint she was asking the court to grant her a decree of divorce. She further averred that she then desired and still desires a reconciliation. With consent of defendant's attorney, an order was entered withdrawing appellee's bill of complaint and the injunction theretofore issued. Thereafter trial was had on defendant's cross bill. Appellant introduced evidence, consisting mainly of his own testimony, tending to show that he had not been guilty of the acts of extreme cruelty charged in appellee's bill of complaint and that her suit had come as a complete surprise to him. Appellee introduced no evidence, although her attorney attended the trial and cross-examined witnesses. Appellant's contention was,

and still is, that his wife's act of filing the bill for divorce and securing the injunction constituted extreme cruelty within the meaning of the statute.* The trial court rejected this contention and dismissed appellant's cross bill. From this determination appellant appeals.

It is true that a single occurrence of extreme cruelty if sufficiently serious might in a given case constitute grounds for divorce. It is also true, and we have so held, that making unwarranted and baseless charges by one spouse against the other may constitute grounds for divorce, if sufficiently serious. *Farley* v. *Farley,* 222 Mich 459. But the making of some less serious charges which would not so grievously tend to destroy the marriage relation, would not of itself constitute extreme cruelty within the meaning of the divorce statute. *Steele* v. *Steele,* 237 Mich 639 (51 ALR 1186). Just precisely how serious a single act and accompanying circumstances would have to be in any given case in order to constitute grounds for divorce is an issue which must be decided in the light of all the facts and circumstances of the particular case. *Whitman* v. *Whitman,* 286 Mich 458. And in cases, as in this, wherein the trial judge saw and heard the witnesses and had ample opportunity to evaluate the whole situation, as evidently was done in the instant case, we should not on appeal disapprove the result reached in the trial court in the absence of its being decisively evident that such result was erroneous. *Brewer* v. *Brewer,* 295 Mich 370.

In the instant case it does not appear that the trial judge reached a wrong result by dismissing defendant's cross bill. It is true that the trial judge in a rather substantial degree stressed the fact that the record does not contain sufficient evidence to

---

* CL 1948, § 552.7 (Stat Ann § 25.87).—REPORTER.

justify granting defendant a decree of divorce, except such relief were to be granted on the ground that plaintiff in her bill of complaint made charges against the defendant which she did not subsequently prove. However, in hearing this case *de novo,* we are impressed with the fact that there appears to have been a studied effort on the part of the defendant to exaggerate the effect of the charges made by plaintiff in her bill of complaint against him. It was but a comparatively short time after filing her bill of complaint that plaintiff recanted and caused the same to be withdrawn. At that time she sought reconciliation; that effort on her part was repeated on numerous occasions thereafter prior to the trial of the case. It is a fair inference from the record that defendant promptly seized upon the unproven charges against him contained in plaintiff's bill of complaint as a means of terminating his marriage relation with plaintiff. Notwithstanding defendant testified of his having normal affection for his wife up until the very time she filed her bill of complaint, shortly thereafter in his cross bill he alleges that because of plaintiff's conduct "defendant has lost all love or affection for her." In view of the character of the charges against defendant in plaintiff's bill of complaint, it seems quite incredible that his love and affection for his wife up to the time of her filing her bill for divorce could have been so suddenly chilled. This inference from the record is at least to some degree justified by defendant's admission on the witness stand that prior to the hearing of this case he had associated with another woman in a manner not a credit to him as still the husband of plaintiff. As further bearing upon the degree to which defendant was injured by the charges plaintiff made in her bill of complaint, it is worthy of note that while the divorce was pending defendant spent a Sunday afternoon with plaintiff at

the home of defendant's parents where dinner, and later luncheon, was had incident to which there seems to have been no unfriendly relations, and following which defendant took plaintiff to her home.

Our review of this ·record as a whole brings the conclusion that we cannot say the trial judge arrived at a wrong result in decreeing dismissal of defendant's cross bill and denying his prayer for divorce. The decree entered in the trial court is affirmed.

While the case has been pending on appeal in this Court plaintiff's attorney has made a motion that defendant be required to pay a reasonable attorney's fee and expenses of suit. In compliance with an order made in the trial court prior to this appeal defendant paid to plaintiff as alimony a total of $325. Appellee's brief in this Court consists of only 14 pages, and hence could not have been an item of large expense. In our judgment a fair disposition of the instant motion would be to order defendant, within 60 days from the date of filing hereof, to pay to plaintiff's attorney as an attorney's fee $150. An order to that effect may be entered in this Court, and for the purpose of enforcing compliance with such order, if necessary, the matter is remanded to the trial court with jurisdiction to hear and determine any subsequent proceedings incident thereto. No other costs on this appeal.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.