MARY ALLGOOD, APPELLANT, V. DONALD ALLGOOD, APPELLEE.
203 N. W. 2d 102

Filed December 20, 1972. No. 38460.

John J. Respeliers of Respeliers & DiMari, for appellant.

Boyle & Hetzner, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This is an action for divorce brought by Mary Allgood against Donald Allgood. The plaintiff sought a decree of separate maintenance. By cross-petition, the defendant sought an absolute divorce. Both parties charged the other with extreme cruelty. The trial court awarded an absolute divorce to the defendant, made a division of the property, and awarded the plaintiff $3,900 alimony payable in monthly installments. The plaintiff appeals.

The parties were married in 1938 and have one child, 29 years of age, who is not dependent upon them for support. The parties first separated on July 27, 1969, but were reconciled on December 24, 1969. The defendant left the family home again on January 12, 1970. He returned on June 5, 1970, and left again on October 27, 1970.

There was evidence that the defendant was guilty of adultery between January 12 and June 5, 1970. However, the reconciliation on June 5, 1970, condoned the offense and prevented that misconduct from being a ground for divorce. Schwarck v. Schwarck, 175 Neb. 560, 122 N. W. 2d 489.

The defendant's evidence indicated that for the last 25 years the plaintiff has been critical of the defendant and has constantly nagged and argued with him. This evidence was sufficient to support a finding of extreme cruelty and justify the award of an absolute divorce to the defendant.

Where sustained by the pleadings and evidence, it is within the sound discretion of the court as to whether a divorce from bed and board or an absolute divorce shall be granted. Beals v. Beals, 152 Neb. 364, 41 N. W. 2d 152. The evidence in this case shows clearly that the legitimate ends and objects of matrimony have been destroyed and that an absolute divorce should be granted.

The plaintiff's complaint in regard to the property division and alimony award is that she would have preferred an award of $200 per month support until the defendant reaches age 65 (he is now 55) or retires under social security, or until the plaintiff remarries. As we understand the record, the property awarded to the plaintiff has a value in excess of $27,000 and amounts to more than 50 percent of the estate of the parties. The plaintiff is approximately 55 years of age and in reasonably good health. The alimony is payable over 26 months which will allow the plaintiff a time in which to adjust. The award which was made is realistic and proper under the circumstances in this case.

The judgment of the district court is affirmed. The plaintiff is allowed the sum of $250 for the services of her attorney in this court.

AFFIRMED.